## SHEPHERD V. BRIDENSTINE.

**Garnishment:** OF ADMINISTRATRIX: ON JUDGMENT AGAINST HER PER-
SONALLY. Defendant was the administratrix of her husband's
estate, and, as such, had in her hands a sum of money, one-third
of which would be hers upon making distribution. For the pur-
pose of subjecting such share to the payment of his judgment, he
caused defendant to be garnished as administratrix. *Held* that
the proceeding would not lie, because, if prosecuted to a termi-
nation, it would only give plaintiff a second judgment against
defendant, which would avail him nothing more than the one he
already had. The law does not favor useless proceedings; and the
provision of section 2976 of the Code, that an executor may be
garnished for money due from the decedent to the defendant, does.
not authorize the proceeding in this case.

*Appeal from Wapello District Court.*—HON. DELL
STUART, Judge.

## FILED, MAY 22, 1890.

THIS is a proceeding in garnishment. The plaintiff
is the owner of a judgment against Ursula Bridenstine.
He issued an execution upon the judgment, and attached
Ursula Bridenstine, as administratrix of the estate of
I. W. Bridenstine, deceased, as garnishee, claiming that
she, as administratrix, owed a debt to herself as an indi-
vidual. The defendant answered as garnishee, upon
which answer the plaintiff moved for judgment. The
motion was overruled, and the garnishee was discharged.
Plaintiff appeals.

*W. S. Coen*, for appellant.

*E. L. Burton*, for appellee.

ROTHROCK, C. J.—The facts as disclosed by the
answer of the garnishee, and upon which the plaintiff
demanded judgment, are as follows: I. W. Bridenstine,
the husband of the defendant, was killed in a railroad
VOL. 80—15

accident by the unlawful act of a railroad company; and on the twenty-third day of March, 1888, the defendant was duly appointed administratrix of his estate. On the nineteenth day of November, 1888, by permission of the court, and in pursuance of an order in probate, the defendant assigned the claim she held against the railroad company to one Wells for four thousand dollars, which sum she held in her hands, as administratrix, at the time of filing her answer as garnishee; and there were no other assets belonging to said estate. The intestate left his wife and five children surviving him. The estate is not yet settled, and, when settled, the defendant, as widow, will be entitled to one-third of the four thousand dollars, after paying expenses of administration. Other facts are set forth in the answer; but, in the view we take of the case, they are not necessary to be stated in this opinion.

Counsel for the respective parties have discussed at length the question as to the right to attach an executor or administrator as garnishee. They agree, however, that at common law such proceeding is not permissible until a balance has been struck, and a certain amount found due to the distributees. Counsel for appellant says that "nobody disputes that being the common law." We need not elaborate this feature of the case, nor determine for this court what the common law upon the subject is, because, as we view it, the rights of the parties depend upon our statute, and the obligations of a garnishee to a judgment creditor. It is provided by section 2976 of the Code that "a sheriff or constable may be garnished for money of the defendant in his hands. So may a judgment debtor of the defendant, when the judgment has not been previously assigned on the record, or by writing filed in the office of the clerk, and by him minuted as an assignment on the margin of the judgment docket. And also an executor, for money due from the decedent to the defendant, may be garnished. But a municipal or political corporation shall not be garnished."

There is much force in the argument of counsel for appellee that, as there was no "money due from the decedent to the defendant," the statute does not authorize the garnishment. It is true that at his death the intestate did not owe the defendant any money. But we pass that question, and come to what we regard as the decisive point in the case. It is conceded that the property sought to be recovered by the garnishment process is money which the defendant, as administratrix, owes to herself. If the plaintiff should be successful in his attachment by garnishment, he would be entitled to a judgment against the defendant, and nothing more. He has a judgment now, and of what avail would an additional judgment be to him? This is not a proceeding in probate, whereby the plaintiff seeks an order in probate requiring the defendant, as administratrix, to pay over a certain amount of the money in her hands to discharge the plaintiff's judgment. Whether such a proceeding could be sustained, we need not determine. The case is not different from one where A. has a judgment against B., and upon attachment garnishes C., and it appears that C. is indebted to B. Where the indebtedness is unconditional, and not dependent on any contingency, and is due, it has always been the practice in this state to render an unconditional judgment against the garnishee. Suppose that in this case judgment should be rendered against the defendant in her representative capacity, and she should refuse to pay it. What remedy would the plaintiff have other than another execution against the defendant? It is claimed that the sureties on the defendant's bond would be liable, but sureties on such bonds are liable only for maladministration, or for failure to perform orders in probate. The case is an anomaly. All the statutes in this state, and all the law upon the subject, contemplate that there are three persons to every garnishment proceeding. As, for instance, it is said in 8 American and English Cyclopedia of Law, 1200: "The primary purpose of garnishment is to subject claims and demands

Shepherd v. Bridenstine.

in favor of the defendant, against third persons, to the payment of his debts; and this it accomplishes by divesting the defendant of whatever rights he may have against the garnishee at the time of service, and substituting the plaintiff in his stead. The latter gets, by the process, whatever rights the defendant had, and this is all it is intended to secure for him. From the time of service of process upon him, the garnishee becomes accountable to the plaintiff in respect to any liability due from him to the defendant." One case is cited by counsel for appellant as an authority for this proceeding. It is to be found in 49 Alabama, 148 (*Dudley v. Falkner*). It is held in that case that an executor may be summoned as garnishee, under execution on a judgment against him in his individual capacity, to reach an indebtedness due him from the estate for services as executor. We do not think that this should be the rule under our practice, because we regard the judgment in an ordinary garnishment proceeding as a personal judgment; or, as said in 8 American and English Cyclopedia of Law, 1243: "If a personal debt of the defendant's is garnished, the judgment therefor against a garnishee cannot be distinguished in its effects from any other judgment for a like amount."

The law does not favor unnecessary actions; and whatever right the plaintiff may have, under proceedings auxiliary to execution, or otherwise, we need not determine. But we are clearly of the opinion that plaintiff is not entitled to maintain an action which, if successful, would result in a personal judgment against the defendant of no more binding force than the one he already has.                    AFFIRMED.