Green, Judge,
delivered the opinion of the court:
The plaintiff alleges in his petition that on June 1, 1931, he obtained a final judgment for $2,510.93 in his favor .against the United States and that repeated efforts to obtain payment thereof have been unsuccessful. Plaintiff therefore says defendant is justly indebted to him in the sum of $2,510.93, for which he asks judgment.
The demurrer, for the purposes of ruling thereon, admits the facts stated in the petition to be true. There is no allegation in the petition as to why the judgment has not been paid, but this court takes judicial notice of the proceedings of Congress and in so doing finds that no appropriation has been made for the payment of plaintiff’s judgment. In other words, no officer or officers of the United States have been empowered to take the necessary proceedings which would enable the plaintiff to receive payment of his judgment. The defendant demurs on the ground that the petition does not state a cause of action within the jurisdiction of this court, and that the subject matter of the claim has been duly adjudicated by this court.
There is no contention that the suit is based upon any constitutional provision, and in order that this court should have jurisdiction to hear and determine the case it must appear either that the claim is founded upon a law of Congress ; or upon a contract, express or implied, with the Gov *421 ernment of the United States. Unless the mere fact that the plaintiif obtained a judgment which is unpaid, brings the •case within one of these two provisions, the demurrer must be sustained.
Counsel for plaintiff rely principally upon the case of Benedict v. United States, 66 C.Cls. 437, but we think this case does not sustain plaintiff’s position. The record therein •shows that it was an action upon a judgment. But it shows further that there was a controversy as to the interest to be paid upon the judgment and for this reason payment had been delayed. With reference to the claim of plaintiff it appeared from the evidence that a special fund had been set aside by Congress for the payment of this judgment together with interest according to its terms, a fact which was pleaded in the petition. We therefore concluded that •the action was based upon a law of Congress.
Counsel for plaintiff also cite several cases to which reference was made in the Benedict ease, supra. But we said in the Benedict case that—
“In none of them except Bonnafon’s and Norton’s cases,[1] in which no appeal was taken, does it definitely appear from the opinion rendered whether the original judgment upon which suit was brought was entered directly against the United States, but in all of them the record shows that the claim for relief was ‘ founded upon a law of Congress ’, and that tfie defendant, the United States, had in its possession in the hands of the Secretary of the Treasury a fund which by law had been set aside for its payment.”
It will be seen therefore that in the Benedict case, supra, the action was sustained solely on the ground that it was ■founded on a law of Congress which made provision for the payment of the judgment. In the case at bar there is no evidence of any law authorizing the payment of the judgment.
Stewart & Company v. United States, 71 C.Cls. 126, is also cited by plaintiff as being parallel to the case at bar because the suit was brought upon a judgment and for the whole amount thereof instead of merely for a shortage in payment as in most of the other cases referred to. But in the Stewart & Company case the matter in dispute was with *422 reference to the counterclaim and no question was raised as to the jurisdiction of the court. An examination of the opinion will show that the determination of the case rested largely upon matters which were not inherent in the judgment. We think therefore that the Stewart case does not sustain the plaintiff’s position.
It is clear that the action is not founded upon “ any law of Congress ” in the sense that the words were used in our former decisions and it is not argued that there is any such implied contract to pay the judgment as would bring it within the provisions of the jurisdictional act. Indeed, we hardly see how such a claim can be made. It would be unlawful to make payment of the judgment in the absence of an appropriation therefor and certainly there is no implied contract on the part of the Government that it will make such an appropriation. On the contrary, the matter of whether or not an appropriation will be made rests wholly upon the determination of Congress, and with that determination this court has nothing to do. We find nothing in the case that enables the plaintiff to base it upon either a law of Congress or upon an implied contract.
We think there is a further reason why we should hold that a cause of action has not been stated in the case at bar. In many of the States, courts having general jurisdiction are not permitted to consider such cases except when a showing-is made of certain matters specified in the statute. In some other States the courts have held in substance that some-reason must be shown other than the mere fact that a judgment has been rendered and is unpaid, or the suit cannot be maintained; otherwise the action is considered to be merely vexatious — seeking nothing beneficial to the plaintiff and being merely an annoyance to the defendant. This matter does not pertain to the jurisdiction of the court but prevents a plaintiff from obtaining a new judgment on the ground that no cause of action has been stated. In* this view of cases of the nature now before the court \ye are-inclined to concur.
In many State courts it is held that the mere fact that plaintiff holds a judgment which is unpaid is sufficient cause of action. The reason given for this holding is that a judg *423 ment is evidence of a debt and that a promise to pay it is implied on the part of the debtor. But a judgment against the United States does not have the full force and effect that an ordinary judgment in personam would have, and we have already shown that there is no implied promise that it will be paid. It will be observed also that the State courts which have so held wore courts of general jurisdiction while the jurisdiction of this court is limited. In any event, we think the rule laid down in Pitzer v. Russel, 4 Or. 124, 130, is applicable. It was therein said:
“ Neither the common law nor the practice in the various States of the Republic, nor anything inherent in the subject, based on sound reason, gives to a judgment creditor an absolute right of action on a domestic judgment, unless such action is necessary in order to enable the plaintiff to have the full benefit of his judgment.”
This, we think, is the better doctrine.
It follows from what has been said above that the demurrer must be sustained and the petition dismissed. It is so ordered.
Whaley, Judge; Williams, Judge; LittletoN, Judge; and Booth, Chief Justice, concur.

 14 C.Cls. 484.