In re Fernando MAGALLANES, Debtor.

Fernando MAGALLANES, Appellant,

v.

Ardelle WILLIAMS, Appellee.

BAP No. SC 88–1214 RPAs.

Bankruptcy No. 85–6691 M7.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted July 21, 1988.

Decided Dec. 16, 1988.

Frederick A. Meiser, Jr., San Diego, Cal., for appellant.

Ardelle Williams, Harris & Williams, San Diego, Cal., for appellee.

Before RUSSELL, PERRIS and ASHLAND, Bankruptcy Judges.

## OPINION

RUSSELL, Bankruptcy Judge:

Debtor Fernando Magallanes appeals a bankruptcy court's Memorandum Decision and Order sustaining the Chapter 7 trustee's objections to the debtor's claims of exemption. The debtor originally filed a petition under Chapter 11 of the Bankruptcy Code and therein listed certain property as exempt under California law. Creditors filed an objection to the debtor's claims of exemption. The bankruptcy court entered an Order Disallowing All of Debtor's Claims of Exempt Property when neither the debtor nor his attorney appeared at the scheduled trial on the creditors' objections. The debtor subsequently converted his Chapter 11 case to Chapter 7, and amended his claims of exemption. The Chapter 7 trustee objected to the debtor's amended claims of exemption on the ground that the court's prior Order disallowed all of the debtor's claimed exemptions. The court entered an Order sustaining the trustee's objections.

## FACTS

On December 30, 1985, appellant/debtor Fernando Magallanes filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court, Southern District of California. Included in Mr. Magallanes' petition was a Schedule B-4 in which he claimed certain property exempt under section 703.140(b) of the California Code of Civil Procedure (hereinafter "CCP"). The following were listed as exempt property: (1) a 1970 Porsche 914 to the extent of $2,500.00; (2) a 1983 Volkswagon Van to the extent of $7,000.00; (3) clothing and firearm to the value of $300.00; (4) furniture to the value of $500.00; and (5) 5,214 shares of Kolatus stock to the value of $25,000.00.

During the pendency of the Chapter 11 case, unsecured creditors Gloria Magallanes and Robert D. Deems objected to Mr. Magallanes' claims of exemption. The matter was scheduled for trial on February 28, 1986; however, neither the debtor nor his attorney appeared at the trial. The bankruptcy judge entered an Order on

March 12, 1986, disallowing all of the debtor's claims of exempt property as a sanction for failing to attend the trial on the creditors' objections to the claimed exemptions. This Order was a final order and has never been appealed by the debtor.

On September 18, 1986, the debtor voluntarily converted his Chapter 11 case to one under Chapter 7. As part of the conversion, he filed an amended Schedule B–4, claiming the following items exempt: (1) a 1970 Porsche 914, to the extent of $1,200.00, pursuant to CCP section 704.010; (2) clothing and firearm, to the value of $300.00, and (3) furniture, to the value of $500.00, pursuant to CCP section 704.020; and (4) a homestead, to the value of $45,-000.00, in the debtor's one-half interest in a condominium, located at 432 Plaza, National City, California (the "Property"), pursuant to CCP section 704.730(a)(1).

On September 18, 1987, the trustee filed her objections to the debtor's claims of exemption in the Chapter 7 case. Her ground for objecting was that all property claimed exempt by the debtor should be disallowed since the bankruptcy court had disallowed any exemptions of the debtor's property in its March 12, 1986 Order. On October 22, 1987, the debtor filed his response to the trustee's objection.

After a hearing on November 6, 1987, the court rendered its Memorandum Decision on February 11, 1988, sustaining the trustee's objections and disallowing the debtor's claims of exemption. The court also concluded that the date of filing of the bankruptcy petition controls the allowance of exemptions when a case is converted from Chapter 11 to Chapter 7. On February 29, 1988, the court entered its Order granting the trustee's objections to the debtor's claims of exemption.

On March 11, 1988 the debtor filed his Notice of Appeal.

## ISSUE

Whether property claimed exempt by the debtor in his Chapter 7 case upon voluntary conversion from his Chapter 11 case should be disallowed where the court, in its March 12, 1986 Order, disallowed any exemptions of the debtor's property in his Chapter 11 case.

## DISCUSSION

A. *Effect of Conversion from Chapter 11 to Chapter 7*

The converting of a case from one chapter of the Code to another chapter does not change the filing date of the petition nor the commencement of the case. 11 U.S.C. section 348(a) (West 1979). Where a case is converted from Chapter 11 to Chapter 7, property of the estate is determined by the filing date of the Chapter 11 petition, and not by the conversion date. *Matter of Williamson*, 804 F.2d 1355, 1359–62 (5th Cir.1986); *In re Florida Consumer's Furniture Warehouse, Inc.*, 9 B.R. 7, 8 (S.D.Fla.1981). Any schedules originally filed in the Chapter 11 case will apply to the Chapter 7 case upon conversion unless the court directs otherwise. Bankruptcy Rule 1019.

Any exemptions claimed by the debtor are also determined as of the Chapter 11 filing date. *In re Thurmond*, 71 B.R. 596, 598 (D.Or.), *aff'd*, 825 F.2d 414 (9th Cir.1987). Such exemptions are allowed pursuant only to those federal, state or local laws applicable on the filing date of the petition. 11 U.S.C. section 522(b)(2)(A) (West 1979). California has chosen to adopt its own exemption statutes and has "opted-out" of the federal exemption scheme. In the instant case, Mr. Magallanes has appealed the bankruptcy court's disallowance of the property interests he claimed exempt from the bankruptcy estate pursuant to California law.

B. *Amendment of Schedules*

Under Bankruptcy Rule 1009(a), a voluntary petition, list or schedule may be amended by the debtor as a matter of course any time before the case is closed. *Lucius v. McLemore*, 741 F.2d 125, 126 (6th Cir.1984); *Tignor v. Parkinson*, 729 F.2d 977, 978 (4th Cir.1984); Bankruptcy Rule 1009(a). Rule 1009 adopts a permissive approach that freely allows the amendment of a voluntary petition. *Tignor*, 729

F.2d at 978–79; *In re Galvin*, 50 B.R. 583, 585 (D.R.I.1985). The debtor may amend lists or schedules without court permission at any time during the pendency of the case. *In re Andermahr*, 30 B.R. 532, 533 (9th Cir. BAP 1983).

Amendments are and should be liberally allowed at any time absent a showing of bad faith or prejudice to third parties. *In re White*, 61 B.R. 388, 394 (W.D.Wash. 1986); *Andermahr*, 30 B.R. at 533. Exceptional circumstances, however, may prevent a debtor from amending his petition or schedules. *Tignor*, 729 F.2d at 979; *In re Doan*, 672 F.2d 831, 833 (11th Cir.1982) (bad faith by debtor or prejudice to creditors might bar amendment). A mere allegation of bad faith, though, is insufficient; bad faith must be established by clear and convincing evidence. *In re Brown*, 56 B.R. 954, 958 (E.D.Mich.1986). This standard allows the party alleging bad faith an opportunity to prove his or her claim, but also implements the policy of liberally allowing the debtors to amend their exemption claims in order to enhance their fresh start.

█ In the instant case, the debtor's original claims of exemption were disallowed because he failed to appear at the scheduled trial. The bankruptcy court subsequently sustained the trustee's objection to his amended schedule on the ground that all claims of exemption were disallowed in the prior order. However, the court did not make a factual determination as to the appropriateness of the amended schedules when it disallowed the claimed exemptions. We, therefore, return this matter to the bankruptcy court to determine whether there was bad faith by the debtor or prejudice to his creditors when he filed his amended claims of exempt property. Such a determination must also be made in conjunction with the doctrine of *res judicata* because the court's final order disallowing the original claimed exemptions is binding on the parties and bars relitigation of those claims.

## C. *Res Judicata*

█ Claim preclusion, commonly referred to as *res judicata*, bars relitigation of a cause of action that was decided previously in a valid and final judgment between the same parties or their privies. *Lawlor v. National Screen Services Corp.*, 349 U.S. 322, 326, 75 S.Ct. 865, 867, 99 L.Ed. 1122 (1954); *Matter of Silver Mill Frozen Foods, Inc.*, 32 B.R. 783, 785 (W.D.Mich. 1983); *United States v. Estes*, 448 F.Supp. 971, 976 (N.D.Tex.1978). Normal rules of *res judicata* apply equally to decisions and final orders of bankruptcy courts as to all matters that were or could have been litigated. *Katchen v. Landy*, 382 U.S. 323, 334, 86 S.Ct. 467, 475, 15 L.Ed.2d 391 (1966); *United States v. Schnick*, 66 B.R. 491, 494 (W.D.Mo.1986); *In re Werth*, 37 B.R. 979, 986 (D.Colo.1984); *Silver Mill Frozen Foods*, 32 B.R. at 785; *Estes*, 448 F.Supp. at 975. *See* Russell, Bankruptcy Evidence Manual §§ 1, 2.

*Res judicata* bars all but one of the debtor's amended claims of exemption in the present case. During the pendency of the Chapter 11 case, the bankruptcy court entered an Order disallowing all of the debtor's claims of exempt property. This Order, since it never was appealed, became a binding final order as to all property listed in the debtor's original Schedule B–4. Such disallowed property included (1) a 1970 Porsche 914, (2) a 1983 Volkswagon Van, (3) clothing and firearm, (4) furniture, and (5) shares of stock.

When the debtor converted his Chapter 11 case to one under Chapter 7, his amended Schedule B–4 listed the following property as exempt: (1) a 1970 Porsche 914, (2) clothing and firearm, (3) furniture, and (4) a real property interest claimed as a homestead. However, the first three items of property were also listed in the original Schedule B–4 and were disallowed in the final order under the Chapter 11 case. The doctrine of *res judicata* binds the debtor to that final order and bars the debtor from claiming any of those property interests listed in his subsequently amended Schedule B–4.

*Res judicata*, however, does not bar the debtor's claim of exemption in the homestead. That property interest was not included in the original schedule of exemp-

tions and thus could not have been disallowed by the bankruptcy judge's order. This matter, therefore, must be returned to the bankruptcy court in order to determine the appropriateness of the debtor's claimed exemption in a homestead.

## CONCLUSION

Although *res judicata* bars the debtor from claiming as exempt those properties listed in his original Chapter 11 Schedule B–4, it does not bar the interest claimed as exempt in the homestead listed in the amended schedule after the case was converted to Chapter 7.

We therefore remand this matter to the bankruptcy court to determine the appropriateness of the claimed exemption in the homestead as listed in the debtor's amended claim of exemptions and to determine whether there were exceptional circumstances, such as bad faith by the debtor or prejudice to his creditors, when he filed his amended claims of exempt property.