Susan Carter BLUM, Appellant,

v.

RESTLAND OF DALLAS, INC., Appellee.

No. 05–95–01321–CV.

Court of Appeals of Texas,
Dallas.

Dec. 17, 1997.

Richard A. McKinney, Haynie Higier Maris & Foxman, P.C., Dallas, for Appellant.

Patricia Hummel Seifert, Crouch & Hallett, LLP, Dallas, for Appellee.

Before OVARD and MOSELEY,[1] JJ.

## OPINION

MOSELEY, Justice.

Appellant Susan Blum sought relief under Chapter 13 of the bankruptcy code, listing appellee Restland of Dallas, Inc. as a creditor. Restland filed a proof of claim. Three days before her bankruptcy was closed, Blum sued Restland in state court, asserting causes of action arising out of the contract that created their debtor/creditor relationship. The trial court denied Blum's motion for partial summary judgment and granted Restland's cross-motion for summary judgment. We conclude the trial court had jurisdiction over the case and that all of Blum's causes of action against Restland are barred by the res judicata effect of the order closing the bankruptcy. Thus, we affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1985, Blum, then Susan L. Carter, and Restland entered into a retail installment contract by which Blum agreed to purchase, and Restland agreed to sell, two burial plots. The plots were on either side of the plot in which Blum's husband is buried. The contract required Blum to make a down payment and seventy-two monthly payments. Under the terms of the contract, Restland would convey the plots to Blum once the purchase price was paid in full. If, however, Blum's account remained past due for more than ninety days, at Restland's option, all sums paid would be forfeited and remain the property of Restland.

Blum eventually fell behind on her payments to Restland. Restland asserts that on June 15, 1990, it sent Blum a letter notifying her that it had canceled the contract. On August 3, 1990, Blum filed for Chapter 13 bankruptcy. That month, Blum's ex-father-in-law, Clarence Carter, sent Restland a check on Blum's behalf. According to Carter's affidavit, Restland informed him by telephone and in writing that it could not accept his money because Blum was in bankruptcy, and that it would notify him beforehand if it had to cancel Blum's account.

In October 1990, Restland filed a proof of claim against Blum's estate in the bankruptcy court. Restland filed its proof of claim as an unsecured creditor. Blum subsequently presented the bankruptcy court with a Chapter 13 plan that incorrectly listed Restland as a secured creditor. The bankruptcy court confirmed a modified plan on March 11, 1991. Under the plan, Blum was to make forty-eight monthly payments, of which Restland was to be paid a pro rata share as a secured creditor. Restland, however, received no payments under the plan because its proof of claim asserted it was an unsecured creditor.

In August 1992, Restland released the plots for sale. Restland sold one of the plots on March 10, 1993, and the following day a corpse was buried there. Blum claims she first became aware that Restland had terminated the contract while visiting her ex-husband's grave on May 10, 1993. She immediately contacted Restland and was told that because she had missed payments, she had forfeited any right to the plots. Restland sold the second plot in November 1993.

In September 1994, the bankruptcy judge signed an "Order Discharging Debtor After Completion of Chapter 13 Plan." On December 19, 1994, the bankruptcy judge signed an order closing Blum's bankruptcy case.

On December 16, 1994, three days before her bankruptcy case was closed, Blum sued Restland in state court. All of the causes of action she pleaded involved Restland's termination of the contract between Restland and Blum. Blum sought a declaratory judgment that Restland violated the automatic stay provision of the bankruptcy code when it terminated the contract and resold the plots. Blum also alleged that Restland's violation of the stay entitled her to specific performance of the contract. She asserted causes of ac-

---

1. Justice Deborah G. Hankinson was a member of the panel at the time this case was argued and submitted for decision. Justice Hankinson be-

came a member of the Texas Supreme Court on October 27, 1997. Therefore, she did not participate in the issuance of this opinion.

tion for wrongful and negligent termination of the contract. She also sued for intentional infliction of emotional distress, alleging that Restland's termination of the contract without notifying her was outrageous and caused her severe emotional distress. Blum further alleged causes of action for negligent misrepresentation, fraud, and violations of the Texas Deceptive Trade Practices—Consumer Protection Act. The general basis for these claims was Restland's alleged misrepresentation that it would notify Blum or Clarence Carter, Blum's alleged agent, in the event it decided to cancel the contract and resell the plots.

Restland filed a general denial subject to a plea to the jurisdiction. The plea to the jurisdiction asserted the trial court lacked subject matter jurisdiction because Blum's causes of action could only be brought in the bankruptcy court. The trial court denied the plea.

Thereafter, Blum moved for partial summary judgment on the grounds that: (1) the automatic stay provision of the bankruptcy code enjoined Restland from terminating the contract during the pendency of the bankruptcy; and (2) Restland could not terminate the contract in the absence of an order lifting the stay or an order rejecting the contract. Blum also sought partial summary judgment on five other grounds; however, on appeal, she does not challenge the denial of her motion on these other grounds.

Restland filed a cross-motion for summary judgment, asserting it was entitled to summary judgment on all Blum's claims. Restland contended that Blum's causes of action were barred by res judicata, limitations, estoppel, waiver, and laches. Without specifying the grounds on which it was relying, the trial court granted Restland's motion. The court denied Blum's motion.

Blum raises four points of error on appeal. She contends that the trial court erred in granting Restland's motion for summary judgment on res judicata and statute of limitations grounds. She further contends that Restland did not prove each element of any

of its other affirmative defenses. Blum also asserts the trial court erred in denying her motion for partial summary judgment. In a cross-point of error, Restland contends that the trial court erred in denying its plea to the jurisdiction.

## RESTLAND'S PLEA TO THE JURISDICTION

■■■ In an "alternative cross-point of error," Restland asserts the trial court erred in denying Restland's plea to the jurisdiction. Whether a trial court has subject matter jurisdiction is a question of law.[2] If a court lacks subject matter jurisdiction, it has no discretion but to dismiss the case.[3] Because a conclusion that the trial court lacked jurisdiction would be dispositive of this appeal, we will address Restland's cross-point first.

■■■ Restland contends that the trial court lacked subject matter jurisdiction because the bankruptcy court had exclusive jurisdiction over Blum's claims. Restland argues that Blum's claims fall within the bankruptcy court's exclusive jurisdiction because they are predicated upon alleged violations of the automatic stay. We disagree. All of Blum's causes of action arose out of the termination of the contract. However, not all of them depend on the existence and breach of the automatic stay for their viability. For example, Blum sued for intentional infliction of emotional distress, alleging that Restland's actions in terminating the contract and reselling the burial plots without notifying her or her alleged agent, Carter, were outrageous and caused her severe emotional distress. Blum could have made these allegations even if she had never filed a bankruptcy petition. Because the trial court clearly had jurisdiction over at least a part of this case, we overrule Restland's cross-point. We turn now to Blum's points of error, which concern the propriety of the trial court's rulings on the parties' motions for summary judgment.

## STANDARD OF REVIEW

■■■ The function of summary judgment is not to deprive a litigant of the right to a

---

**2.** *Qwest Microwave, Inc. v. Bedard,* 756 S.W.2d 426, 440 (Tex.App.—Dallas 1988, no pet.).

**3.** *Id.*

full hearing on the merits of any real issue of fact but to eliminate patently unmeritorious claims and untenable defenses.[4] The purpose of the summary judgment rule is not to provide either a trial by deposition or a trial by affidavit; rather, it provides a method of summarily terminating a case when it clearly appears that only a question of law is involved and that no genuine issue of fact remains.[5]

■ In reviewing a summary judgment record, this Court applies the following standards:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor.[6]

Further, we do not consider evidence that favors the movant's position unless it is uncontroverted.[7]

■ For the defendant, as movant, to prevail on a summary judgment, it must either disprove at least one element of the plaintiff's theory of recovery or plead and conclusively establish each essential element of an affirmative defense, thereby rebutting the plaintiff's cause of action.[8] Also, where both parties file motions for summary judgment, and one is granted and one is denied, the denial may be considered by the reviewing court if the appealing party complains of both the granting of the opponent's motion and the denial of its own motion.[9]

## RES JUDICATA

In Blum's first point of error, she contends that the trial court erred in granting summary judgment on Restland's affirmative defense of res judicata. In its motion for summary judgment, Restland argued that, under the doctrine of res judicata, the bankruptcy court's orders confirming the plan, discharging Blum, and closing the bankruptcy barred Blum's claims. Blum contends that Restland failed to conclusively establish the elements of res judicata.

■ Because we are determining the res judicata effect of a bankruptcy court order, the federal law of res judicata applies.[10] A bankruptcy judgment bars a subsequent suit if: (1) both cases involve the same parties; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) the prior decision was a final judgment on the merits; and (4) the same cause of action is at issue in both cases.[11]

The parties agree that both cases involve the same parties. In her brief, Blum argued that there was no prior judgment rendered by a court of competent jurisdiction, but at oral argument she conceded that this element was met. Thus, the first two elements of res judicata are satisfied. We therefore consider only the two remaining issues of law: whether the bankruptcy decision was a final judgment on the merits and whether the state and federal cases involved the same causes of action.

### Finality of Prior Judgments

To bar a subsequent suit, a bankruptcy court order must be a final judgment on the merits. Blum interprets this element to re-

---

**4.** See *Gulbenkian v. Penn,* 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952).

**5.** See *Gaines v. Hamman,* 163 Tex. 618, 626, 358 S.W.2d 557, 563 (1962).

**6.** *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

**7.** *Great Am. Reserve Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965).

**8.** See *International Union UAW Local 119 v. Johnson Controls, Inc.,* 813 S.W.2d 558, 563 (Tex.App.—Dallas 1991, writ denied).

**9.** *Jones v. Strauss,* 745 S.W.2d 898, 900 (Tex. 1988).

**10.** *Eagle Properties, Ltd. v. Scharbauer,* 807 S.W.2d 714, 718 (Tex.1990).

**11.** *In re Baudoin,* 981 F.2d 736, 740 (5th Cir. 1993); *Southmark Properties v. Charles House Corp.,* 742 F.2d 862, 869 (5th Cir.1984).

quire a judgment on the merits of the specific actions brought in the subsequent suit. She contends that the bankruptcy court's orders confirming the plan, discharging her, and closing the bankruptcy are not final judgments because none of the orders reached a final decision on the merits of the causes of action she pleaded in this suit. We disagree.

■■■■ "Final" is interpreted more liberally in bankruptcy cases than in other cases.[12] A bankruptcy court order can be considered a final judgment on the merits even though it does not close the bankruptcy case or dispose of any claim.[13] For example, orders authorizing or confirming the sale of part of an estate or allowing a proof of claim are both final judgments on the merits.[14] Clearly an order closing a bankruptcy case is a final judgment for res judicata purposes.[15] In fact, Blum herself argues that res judicata prevents Restland from asserting that she defaulted on her payments because the order closing the case stated she had made all payments under the plan.

■■■■ Additionally, a final order of a bankruptcy court is res judicata of all issues that were *or could have been* litigated in that action.[16] Res judicata prevents litigation of all grounds for recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.[17] Thus, the bankruptcy court orders need not specifically address Blum's claims to be final judgments for res judicata purposes. Because the bankruptcy court's order closing Blum's bankruptcy is a final judgment on the merits, we need not decide whether the confirmation order or the discharge order constitute final judgments on the merits for res judicata purposes. The third element of res judicata is satisfied in this case.

### Identity of the Causes of Action

■■■■ We next examine whether the same causes of action were at issue in both the bankruptcy case and the instant case. The Fifth Circuit has adopted the transactional test to determine whether two cases involve the same causes of action for res judicata purposes.[18] Under this test, the critical issue is whether the actions are based on the same nucleus of operative facts.[19] The doctrine of res judicata operates to bar all claims arising from the same nucleus of operative facts that *could* have been brought in the previous lawsuit, not only those claims that actually were brought.[20] The Fifth Circuit has explained:

> [T]he critical issue is not the relief requested or the theory asserted but whether the plaintiff bases the two actions on the same nucleus of operative facts. If the factual scenario of the two actions parallel, the same cause of action is involved in both. The substantive theories advanced, forms of relief requested, types of rights asserted, and variations in evidence needed do not inform this inquiry.[21]

All of Blum's allegations involve termination of the retail installment contract between Blum and Restland. This contract formed the basis of Restland's proof of claim in Blum's bankruptcy proceeding. Because the contract at the heart of the present litigation was also the source of Restland's claim

---

12. *Hendrick v. Avent*, 891 F.2d 583, 586 n. 6 (5th Cir.), *cert. denied*, 498 U.S. 819, 111 S.Ct. 64 (1990).

13. *See Baudoin*, 981 F.2d at 742.

14. *See id.*

15. *See United States v. Estes*, 448 F.Supp. 971, 975 & n. 10 (N.D.Tex.1978); *cf. Baudoin*, 981 F.2d at 742 (even bankruptcy court order that does not close bankruptcy case can be final judgment).

16. *See Estes*, 448 F.Supp. at 975 & n. 10.

17. *Southmark Properties*, 742 F.2d at 872.

18. *Baudoin*, 981 F.2d at 743.

19. *Id.*

20. *Goldberg v. R.J. Longo Constr. Co.*, 54 F.3d 243, 246 (5th Cir.1995) (citing *In re Howe*, 913 F.2d 1138, 1144 (5th Cir.1990)); *Holloway v. Starnes*, 840 S.W.2d 14, 19 (Tex.App.—Dallas 1992, writ denied), *cert. denied*, 510 U.S. 828, 114 S.Ct. 93 (1993).

21. *Agrilectric Power Partners, Ltd. v. General Elec. Co.*, 20 F.3d 663, 664–65 (5th Cir.1994).

against Blum's estate, the two actions involve the same nucleus of operative facts. Blum's present claims are therefore the same as the bankruptcy for purposes of res judicata.[22]

█ Even where there is an identity of claims, however, the doctrine of res judicata does not bar the second action unless the party asserting a claim could or should have brought its claim in the former proceeding.[23] Blum contends that she could not have brought her claims in the bankruptcy court because they would not have been "core proceedings" in that court. We disagree.

█ A bankruptcy court's power to fully adjudicate a case extends to "all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11."[24] A proceeding is a core proceeding if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.[25] Core proceedings involve decisions that ultimately affect the distribution of the debtor's assets,[26] including matters concerning the administration of the estate or affecting the adjustment of the debtor/creditor relationship.[27] Subsection 157(b)(2) of title 28 of the United States Code provides a nonexclusive list of examples of core proceedings, including: "(C) counterclaims by the estate against persons filing claims against the estate."[28]

Restland filed a proof of claim in Blum's bankruptcy. Restland's claim against Blum's estate was fully allowed under Blum's Chapter 13 plan. Taking Blum's summary judgment evidence as true, her causes of action against Restland arose postconfirmation and thus were property of the bankruptcy estate.[29] Blum's causes of action against Rest-

land, if presented to the bankruptcy court, would have constituted counterclaims by the estate against an entity filing a claim against the estate. In other words, they would have been core proceedings, over which the bankruptcy court would have had jurisdiction. Further, Blum's causes of action based on Restland's alleged violation of the automatic stay are also core proceedings because they could arise only in the context of a bankruptcy case.[30]

Based on her own statements, Blum learned on or about May 10, 1993 that Restland had terminated the contract that created their debtor/creditor relationship. Although her bankruptcy case was still pending, she took no action against Restland until she filed suit in state court on December 16, 1994, three days before the bankruptcy court closed her case. We conclude Blum could and should have gone back into the bankruptcy court for relief before the bankruptcy court closed her case.

█ We conclude that Restland has established all the elements of res judicata as a matter of law. The trial court did not err in granting summary judgment in Restland's favor on res judicata grounds. We overrule Blum's first point of error.

Because we have concluded that, as a matter of law, Restland was entitled to summary judgment on the basis of res judicata, we need not address Blum's second and third points of error by which she challenges Restland's other affirmative defenses.[31] We likewise need not consider Blum's fourth point of error in which she contends that she was

---

**22.** *See Baudoin,* 981 F.2d at 744.

**23.** *Eubanks v. F.D.I.C.,* 977 F.2d 166, 173 (5th Cir.1992); *Holloway,* 840 S.W.2d at 19 (claim is not barred by res judicata if it could not have been brought).

**24.** 28 U.S.C.A. § 157(b)(1) (West 1993).

**25.** *In re Case,* 937 F.2d 1014, 1019 (5th Cir. 1991).

**26.** *Howell Hydrocarbons, Inc. v. Adams,* 897 F.2d 183, 190 (5th Cir.1990).

**27.** 28 U.S.C.A. § 157(b)(2)(A), (O) (West 1993).

**28.** 28 U.S.C.A. § 157(b)(2) (West 1993).

**29.** *See* 11 U.S.C.A. § 1306(a) (West 1993); *In re Fisher,* 203 B.R. 958, 964 (Bankr.N.D.Ill.1997) (property acquired by Chapter 13 debtor after confirmation is property of estate).

**30.** *See Case,* 937 F.2d at 1019.

**31.** *See* TEX.R.APP. P. 47.1.

entitled to summary judgment as a matter of law.

We affirm the trial court's judgment.