In re Laurance WOLFBERG and Carolyn Wolfberg, Debtors.

Nancy Knupfer, Post–Confirmation Chapter 11 Trustee, Appellant,

v.

Laurance Wolfberg and Carolyn Wolfberg; Brent Wolfberg, Conservator of Laurance Wolfberg, Appellees.

BAP No. CC–00–1232–PBMo.

Bankruptcy No. LA 97–37307–ES.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Oct. 11, 2000.

Decided Nov. 30, 2000.

Eric P. Israel, Danning, Gill, Diamond & Kollitz, LLP, Los Angeles, CA, for Nancy Knopfer, Ch. 11 Trustee.

Leonard A. Goldman, Los Angeles, CA, for Laurence and Carolyn Wolfberg.

Before: PERRIS, BRANDT, and MONTALI, Bankruptcy Judges.

## OPINION

PERRIS, Bankruptcy Judge.

The chapter 11 [1] trustee appeals the bankruptcy court's order overruling the

---

1. Unless otherwise indicated, all chapter, section and rule references are to the Bankrupt- cy Code, 11 U.S.C. §§ 101–1330, and to the

trustee's objection to debtors' claim of a homestead exemption. The issue is whether debtors are entitled to a homestead exemption when they did not claim it before confirmation of their chapter 11 plan and their plan provided that creditors would be paid with the proceeds of the sale of their home. Applying res judicata, we conclude that debtors are barred from claiming a homestead exemption in light of the confirmed chapter 11 plan and therefore REVERSE.

## FACTS

Debtors filed a chapter 11 petition in 1997. They did not claim in their original Schedule C any homestead exemption in their residence, which they valued at $13 million. Debtors proposed a plan of reorganization which provided, among other things, that their residence would be sold and the proceeds used to pay creditors. According to debtors' disclosure statement, the residence was a nonexempt asset. The plan provided that general unsecured creditors would receive a 100% distribution. It also provided that, if creditors were not paid in full by July 1, 1999, as the plan contemplated, a chapter 11 trustee would be appointed. The plan was confirmed. Payment was not made by July 1, and appellant Nancy Knupfer (trustee) was appointed chapter 11 trustee.

The trustee sold the residence for $10 million, which was substantially less than the $16 million sale price that debtors had projected in their disclosure statement. Thereafter, debtors sought to amend their Schedule C to claim a $125,000 homestead exemption under California law.

The trustee objected, arguing that debtors are barred by the confirmed plan or by judicial estoppel from claiming the exemption. The bankruptcy court disagreed and entered an order overruling the objection. The trustee appeals.

Federal Rules of Bankruptcy Procedure, Rules 1001–9036.

### ISSUE [2]

Whether the bankruptcy court erred in failing to apply res judicata to bar debtors' claim of a homestead exemption after confirmation of a chapter 11 plan that was to be funded primarily by the sale of debtors' residence, in which debtors had not previously claimed an exemption.

## STANDARD OF REVIEW

■ The preclusive effect of the confirmation order on debtors' claim of exemption raises mixed questions of law and fact in which legal issues predominate. *In re Kelley*, 199 B.R. 698, 701 (9th Cir. BAP 1996). Therefore, we review application of res judicata *de novo*. *Id. Accord In re Arnold*, 252 B.R. 778, 784 (9th Cir. BAP 2000) (questions regarding legal right of debtor to claim exemption is question of law reviewed *de novo* ).

## DISCUSSION

■ The trustee argues that the bankruptcy court erred in ruling that debtors' confirmed chapter 11 plan did not preclude them from claiming a homestead exemption in their residence. She asserts that the order confirming the plan is a final order and that the doctrine of res judicata bars debtors' postconfirmation assertion of a homestead exemption. Debtors respond that the elements of res judicata are not met in this case and that, in any event, Rule 1009(a) allows them to amend their schedule to claim exemptions at any time before the case is closed, including after the plan is confirmed.

Res judicata prevents a party from relitigating a cause of action, thus giving finality to legal proceedings. In order for res judicata to apply, the following four elements must be satisfied: (1) a final judgment on the merits; (2) the judgment was rendered by a court of competent jurisdiction; (3) a second ac-

2. The trustee also argues judicial estoppel. Because we conclude that the claimed exemption is barred by res judicata, we need not consider judicial estoppel.

tion involving the same parties; and (4) the same cause of action involved in both cases.

*Kelley,* 199 B.R. at 702. *Accord In re Heritage Hotel Partnership I,* 160 B.R. 374, 376–77 (9th Cir. BAP 1993), *aff'd,* 59 F.3d 175, 1995 WL 369528 (9th Cir.1995) (table).

■ Debtors do not dispute that the order confirming plan meets the second requirement, that it was entered by a court of competent jurisdiction. They argue, however, that the other three requirements are not met.[3]

■ With regard to the first requirement, it is "well-settled that a bankruptcy court's confirmation order is a binding, final order, accorded full *res judicata* effect[.]" *Heritage Hotel Partnership I,* 160 B.R. at 377. *Accord Kelley,* 199 B.R. at 702–03. The binding effect of the confirmed plan is specifically set out in the Bankruptcy Code. Section 1141(a) provides that "the provisions of a confirmed plan bind the debtor ... and any creditor...." Thus, the first element is met.

■ Debtors argue that the parties to the plan and confirmation order are not the same as the parties here. The apparent basis for the argument is that the trustee was not appointed until after the plan was confirmed, so she was not involved in the confirmation process. As the trustee points out, debtors conceded at the hearing on the objection to exemption that the trustee represents the interests of the creditors, who were parties to the plan confirmation.[4] The third element is also met.

The final element is that the cause of action is the same in the two cases. The cause of action in the bankruptcy court was debtor's request for chapter 11 relief, including confirmation of its reorganization plan. *See Sure–Snap Corp. v. Bradford Nat'l Bank,* 128 B.R. 885, 890 (D.Vt.1991), *aff'd,* 948 F.2d 869 (2d Cir.1991). "[A] chapter 11 bankruptcy case 'comprise[s] all matters pertaining to the debtor-creditor relationship that [the debtor] or any creditors might ... raise[ ] to advance their interests in the proceeding'." *Kelley,* 199 B.R. at 702 (quoting *Sure–Snap Corp.,* 128 B.R. at 890). As the court explained in *Sure–Snap,* a debtor's chapter 11 petition is one to restructure its relationships with its creditors. 128 B.R. at 891. In order to meet the goal of restructuring, the debtor dedicates certain assets to the restructuring of the debtor-creditor relationships. A debtor's claim of exemption removes those exempt assets from the pool of assets available to creditors to the extent of the exemption. Thus, when a plan is to be funded in material part by the sale of assets, a claim of exemption in those assets relates directly to the restructuring of the debtor-creditor relationship and falls within the same cause of action as the petition for relief and plan confirmation.

■ Res judicata bars not only claims that were asserted in the earlier action, but also claims that "could or should have been raised during the pendency of the case...." *Heritage Hotel Partnership I,* 160 B.R. at 377. *Accord In re Pardee,* 218 B.R. 916, 925 (9th Cir. BAP 1998), *aff'd,* 193 F.3d 1083 (9th Cir.1999); *Kelley,* 199 B.R. at 703. In this case, debtors' claim of exemption should have been raised before confirmation because the plan was funded primarily by the proceeds from the sale of debtors' residence, in which they claimed no exemption.

■ Further, debtors provided a disclosure statement, as required by § 1125(b),

---

**3.** They also argue that the cases the trustee cites involved bad faith. Bad faith is irrelevant to a res judicata analysis. Similarly, their argument that detrimental reliance is not available to the trustee is also irrelevant to the res judicata analysis.

**4.** The trustee could also be viewed as the successor to the interests of the debtors in possession, who were also parties to the plan and confirmation order. Successors in interest are bound by judgments just as are their predecessors in interest. 18 Wright, Miller & Cooper, *Federal Practice and Procedure* § 4462 (1981).

when they sought acceptance of their plan. Section 1125(b) requires that a disclosure statement contain "adequate information," which is "information of a kind, and in sufficient detail, ... that would enable a hypothetical reasonable investor ... to make an informed judgment about the plan[.]" § 1125(a)(1). The disclosure statement debtors provided in this case explained that the plan would be funded by the sale of the residence, among other sources. It also listed the residence as a non-exempt asset. Any creditor who reviewed debtors' schedules could confirm that debtors did not claim any exemption in the residence, and therefore rely on the fact that the entire net proceeds from the sale would be available to pay creditors under the plan. Under the circumstances, if debtors intended to claim an exemption in the primary asset being used to fund the plan, they should have done so before the plan was confirmed. Once the plan was confirmed, that plan was binding on them just as it was binding on their creditors, and they could not later attempt to exempt assets represented in the disclosure statement to be non-exempt. *See Kelley*, 199 B.R. at 703 ("Creditors vote on the plan on the basis of how the plan treats their claims.").[5]

Debtors assert and the bankruptcy court agreed that res judicata should not apply to their postconfirmation amendment to the schedules to claim the exemption, because Rule 1009(a) allows for amendments of schedules at any time before case closure. Rule 1009(a) provides, as relevant:

A voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed.

Rule 1009(a) does not assist debtors. First, the right to amend schedules to add exemptions "is not the same as the right to the exemption." *In re Andermahr*, 30 B.R. 532, 534 (9th Cir. BAP 1983). The issue before the bankruptcy court was an objection to the exemption. Even if debtors could amend their schedules to claim the exemption, the mere fact that they can *claim* the exemption does not necessarily mean that they are *entitled* it.[6]

Second, the Bankruptcy Rules cannot override substantive rights provided by the Bankruptcy Code. Congress has specifically provided that the Bankruptcy Rules "shall not abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2075. "[A]ny conflict between the Bankruptcy Code and the Bankruptcy Rules must be settled in favor of the Code." *In re Pacific Atlantic Trading Co.*, 33 F.3d 1064, 1066 (9th Cir.1994). Thus, Rule 1009(a) cannot override the directive in § 1141(a) that a confirmed plan binds the debtors.

We have recognized that res judicata applies to amended claims of exemptions. In *In re Magallanes*, 96 B.R. 253 (9th Cir. BAP 1988), we acknowledged that Rule 1009(a) allows a debtor to amend schedules at any time before a case is closed, barring bad faith or prejudice to third parties. However, we also concluded that res judicata barred all but one of the debtor's amended claims of exemption, because the bankruptcy court had earlier entered a final order disallowing those exemptions.

The same reasoning applies in this case. The fact that a procedure exists for bring-

---

**5.** A chapter 11 plan is a contract between the debtors and their creditors. *In re Bartleson*, 253 B.R. 75, 84 (9th Cir. BAP 2000). Debtors agreed in the plan to devote the entire net proceeds of the sale of their residence, unreduced by a homestead exemption, to pay their creditors.

**6.** Debtors argue that the court found that there was no prejudice to creditors and that the creditors did not raise the homestead is-

sue before debtors amended their schedules, so the amendment should be allowed. Whether there is prejudice has to do with the right to amend under Rule 1009(a), but is irrelevant to the res judicata analysis. As for the creditors' failure to raise the homestead issue preconfirmation, there was no reason for creditors to raise any issue about the homestead exemption before debtors claimed it.

ing a claim does not mean that the party asserting that claim is entitled to prevail on the claim. The Federal Rules of Civil Procedure provide an avenue for the bringing of civil actions. Those actions, even if properly asserted under the procedural rules, are nonetheless subject to dismissal if res judicata precludes them.

There are cases that hold that a chapter 13 debtor can amend his or her schedules to add exemptions after confirmation of a chapter 13 plan. *See, e.g., In re Tippins,* 221 B.R. 11 (Bankr.N.D.Ala.1998); *In re Dodd,* 46 B.R. 335 (Bankr.E.D.Va.1985); *In re Combs,* 34 B.R. 597 (Bankr.S.D.Ohio 1983). None of those cases discuss the interplay between Rule 1009(a) and § 1327(a), which parallels § 1141(a) and provides that a confirmed chapter 13 plan binds the debtor and the creditors. We do not find those cases persuasive.

This case is similar to those cases in which the debtor is precluded after confirmation from bringing actions based on prepetition causes of action, when those actions are not preserved in the plan. In *Sure–Snap,* for example, the debtor sought to amend its schedules after its chapter 11 plan was confirmed to list a claim against two banks, based on prepetition loan transactions. The court held that the debtor's confirmed chapter 11 plan established the rights of the creditors, and that the debtor was barred by res judicata from later bringing claims against those creditors that were neither disclosed nor preserved in the plan. 128 B.R. at 891. Similarly, the debtors in *Heritage Hotel Partnership I* and *Kelley* were barred by confirmed chapter 11 plans from asserting actions that arose from the prepetition relationship of the parties, where the plans did not reserve those claims. 160 B.R. at 378, 199 B.R. at 704.

Section 1141(a), like § 1327 in a chapter 13 case, "precludes a creditor from asserting, after confirmation, any other interest than that provided for it in the confirmed

plan." *In re Evans,* 30 B.R. 530, 531 (9th Cir. BAP 1983) (applying § 1327). The debtor is bound the same as a creditor. Thus, the debtor cannot assert any interest other than that provided in the plan.

The bankruptcy court erred in concluding that, because Rule 1009(a) allows amendment of schedules at any time to add exemptions, the claim of exemption is not one that could or should have been raised at confirmation. Therefore, the bankruptcy court erred in overruling the trustee's objection to debtors' claim of exemption.[7]

## CONCLUSION

The bankruptcy court erred in failing to apply res judicata to bar debtors' postconfirmation amended claim of exemption. Accordingly, we REVERSE.

---

7. Debtors argue that we should affirm the bankruptcy court because exemptions are liberally construed. This case does not involve construction of the exemption statutes; it involves the application of principles of finality to a debtor's belated claim of exemption.