In re: **Rose Marie COLEMAN, Debtor,**

**Rose Marie Coleman, Appellant,**

v.

**John W. Richardson, Trustee under Confirmed Plan of Reorganization, Appellee.**

No. 00–16687.
BAP No. NC–00–01048–RyKP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 11, 2002.

Decided April 12, 2002.

Before THOMPSON, W. FLETCHER and BERZON, Circuit Judges.

## MEMORANDUM *

Chapter 11 debtor Rose Marie Coleman ("Debtor") appeals the Bankruptcy Appellate Panel (BAP) order affirming the Bankruptcy Court's denial of her motion to compel abandonment of two parcels of property under 11 U.S.C. § 554(b). The relevant facts are known to the parties, and we therefore will not repeat them

here. Because we agree with the BAP that the Bankruptcy Court properly concluded that the res judicata effect of an earlier-argued Confirmed Plan of Reorganization ("Plan") precluded Coleman from seeking to compel the abandonment, we affirm.

In the bankruptcy setting, the principle of res judicata prevents a party from later raising issues that could have been raised during the confirmation of a plan of reorganization. *In re Heritage Hotel Partnership*, 160 B.R. 374, 377 (9th Cir.B.A.P. 1993) ("[c]onfirmation of a plan of reorganization constitutes a final judgment in bankruptcy proceedings," and "[l]ike final judgments, confirmed plans of reorganization are binding on all parties, and issues that could have been raised pertaining to such plans are barred by res judicata"). It is undisputed that the Trustee and the Debtor were parties to both the confirmation and the § 554 proceeding and that the bankruptcy court had jurisdiction to confirm the Plan.

Section 1141(a) of the Bankruptcy Code provides that the provisions of a confirmed plan bind the debtor, any entity issuing securities or acquiring property under the plan, and any creditor of, or equity security holder or general partner in, the debtor. 11 U.S.C. § 1141(a). The principle that the confirmed plan is a binding final order accorded full res judicata effect is broadly applied. *See In re Wolfberg*, 255 B.R. 879 (9th Cir.B.A.P.2000). The Debtor not only was a party to a confirmation proceeding designed to litigate fully the terms of the Plan, but in fact litigated and lost in her attempt to remove the disputed properties from the estate and from the Trustee's control. Once the Plan was confirmed, it was a binding final judgment on both the Debtor and the Trustee.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

██ The Debtor nevertheless argues that her motion to compel abandonment was not foreclosed by the earlier confirmation of the Plan because the Plan itself grants the Debtor the right to pursue § 554(b) relief, or at least subjects the Trustee to the obligation to be subject to such an action. This is so, she argues, because the Plan vests in the Trustee the "rights, duties and powers as may be exercised by a Trustee in a Chapter 7 case."

Section 4.7.2 of the Plan, which contains the "Chapter 7" language on which the Debtor bases her argument, does not merely vest the Trustee with the "rights, duties and powers as may be exercised by a Trustee in a Chapter 7 case"; it does so with an enumerated list that includes "maintenance and administration of the assets of the Debtor or the estate" and "such other rights, duties and powers ... that are vested in the Trustee pursuant to the Plan." The Plan, in turn, grants the Trustee "sole and exclusive control over the property of the estate," gives him "authority to ... dispose of the property of the estate," and specifically retains the two disputed properties as part of the estate. The Debtor cannot now contend that the "Chapter 7" language serves to overcome the very clauses that limit that language.

██ We also reject the Debtor's argument that the Trustee should be equitably estopped from opposing her attempts to compel abandonment of the Forest Avenue Property. The BAP correctly concluded that this issue could not be considered on appeal because the issue was not raised sufficiently for the Bankruptcy Court to rule on it. *See Beverly Cmty. Hosp. Ass'n v. Belshe*, 132 F.3d 1259, 1267 (9th Cir. 1997). This case does not present one of the "narrow" exceptions to the general rule prohibiting the raising of arguments for the first time on appeal. *See Parks*

*Sch. of Bus., Inc. v. Symington,* 51 F.3d 1480, 1488 (9th Cir.1995).

Accordingly, we affirm the BAP and Bankruptcy Court's holdings that the Confirmed Plan of Reorganization precluded the Debtor from bringing the § 554 motion. Because we affirm on this ground, we need not reach the Debtor's argument that the Bankruptcy Court erred in holding that she failed to sustain her burden of proof in her attempt to compel abandonment.

AFFIRMED.