In re: Laurance WOLFBERG; In re: Carolyn Wolfberg, Debtors,

Laurance Wolfberg; Carolyn Wolfberg, Appellants,

v.

Nancy Knupfer, Chapter 11 Trustee, Appellee.

No. 00–57220.
BAP No. CC–00–01232–PBMo.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 12, 2002.

Decided June 14, 2002.

Before KOZINSKI and GOULD, Circuit Judges, and BREYER, District Judge.*

MEMORANDUM **

Section 1141 of the Bankruptcy Code provides that "the provisions of a confirmed [reorganization] plan bind the debtor." 11 U.S.C. § 1141(a). This requirement "tells creditors that they should expect payment of their claims according to the terms of the confirmed plan. If the plan does not provide for any postconfirmation challenges to claims, the debtor is bound to pay on those creditors' claims as

* The Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

provided for by the plan." *Kelley v. S. Bay Bank (In re Kelley)*, 199 B.R. 698, 703–04 (9th Cir.BAP1996) (internal quotation marks omitted). Although Fed. R. Bankr.P. 1009 permits the debtor to amend bankruptcy schedules "as a matter of course at any time before the case is closed," such amendment must comply with section 1141. *See United States v. Towers (In re Pac. Atl. Trading Co.)*, 33 F.3d 1064, 1066 (9th Cir.1994) ("[A]ny conflict between the Bankruptcy Code and the Bankruptcy Rules must be settled in favor of the Code.").

The Wolfbergs' reorganization plan stated repeatedly that it will be funded through the sale of their residence. Neither the plan nor the accompanying disclosure statement, which must contain information enabling creditors to make an informed judgment about the plan, 11 U.S.C. § 1125(a)(1), (b), specified a homestead exemption. The plan also stated that, subsequent to the confirmation, the debtor may amend the plan only with the approval of the bankruptcy court and after a notice and a hearing.

Given that the amount realized from the sale of the Wolfbergs' residence was less than their liabilities under the plan, the addition of a homestead exemption would affect the plan's payout scheme. Because a change in the payout scheme alters the terms of the plan, section 1141 precludes this change unless it is made through the procedure authorized by the plan. *Cf. Kelley*, 199 B.R. at 704 ("if the debtor fails to mention the cause of action in either his schedules, disclosure statement, or plan, then he will be precluded from asserting it postconfirmation") (citing *Heritage Hotel Ltd. P'ship I v. Valley Bank (In re Heritage Hotel P'ship)*, 160 B.R. 374, 377 (9th Cir.BAP1993)). In order to claim a homestead exemption that changes the payout scheme of their confirmed reorganization plan, the Wolfbergs were required to follow the amendment mechanism prescribed by the plan, which they did not.

AFFIRMED.

GOULD, J., dissenting.

GOULD, Judge.

The Wolfberg residence was valued at $16 million, and debts totaled about $13 million. I cannot believe that reasonable creditors would find it important that the Wolfbergs planned to exempt $125,000 from the sale of a residence expected to yield a $3 million surplus for the Wolfbergs. I therefore cannot accept the position that, "to make an informed judgment about the plan," a reasonable creditor would need to know the Wolfbergs would declare a homestead exemption. 11 U.S.C. § 1125(a)(1). So I do not believe that the bankruptcy laws required the Wolfbergs to include the homestead exemption in their disclosure statement. Nor do I agree with the majority view that, after liquidation, reducing the Wolfbergs' $10 + million pool of assets by $125,000 "changes the payout scheme of their confirmed reorganization plan" in any material respect. Rather, the Wolfbergs would pay listed creditors for identified debts from a pool of money only slightly diminished. I see no conflict at all between Bankruptcy Rule 1009 and Section 1141 of the Bankruptcy Code, because nothing in the plan bound debtors to an exemptionless homestead. The initial bankruptcy judge found no bad faith or undue prejudice to creditors, and that protected all hands. Thereafter, from a practical perspective, this case is much ado about almost nothing, the bankruptcy judge's decision was fair and consistent with law, and I would allow the amendment.