**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. CC-19-1027-SGTa |
| LENORE L. ALBERT-SHERIDAN, | Bk. No. 8:18-bk-10548-ES |
| Debtor. | |
| LENORE L. ALBERT-SHERIDAN, | |
| Appellant, | |
| v. | **MEMORANDUM**[*] |
| JEFFREY IAN GOLDEN, Chapter 7 Trustee, | |
| Appellee. | |

Argued and Submitted on November 21, 2019
at Pasadena, California

Filed – December 18, 2019

Appeal from the United States Bankruptcy Court
for the Central District of California

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value. *See* 9th Cir. BAP Rule 8024-1.

Honorable Erithe A. Smith, Bankruptcy Judge, Presiding

---

Appearances:    Appellant Lenore L. Albert-Sheridan argued pro se;
Aaron E. DE Leest of Dannin, Gill, Israel & Krasnoff, LLP argued for appellee.

---

Before: SPRAKER, GAN, and TAYLOR, Bankruptcy Judges.

## INTRODUCTION

Chapter 7[1] debtor Lenore L. Albert-Sheridan appeals from a 2019 order sustaining chapter 7 trustee Jeffrey I. Golden's objections to Albert-Sheridan's amended exemptions in two estate assets: (1) accounts receivable for fees and costs Albert-Sheridan incurred while rendering services to her clients; and (2) her causes of action against Ford Motor Credit Company LLC ("FMCC"). According to Albert-Sheridan, California Code of Civil Procedure ("C.C.P.") § 704.210 supported the exemption claim in the accounts receivable, and C.C.P. §§ 704.140 and 704.210 supported the exemption claim in the FMCC causes of action.

Albert-Sheridan amended her exemption claims after the bankruptcy court had entered two orders sustaining objections to her original exemption claims in the same two assets under the same two California

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure.

2

statues. In its ruling on the original exemptions, the court specifically ruled that C.C.P. § 704.210 did not apply to either the accounts receivable or the FMCC causes of action because Albert-Sheridan had failed to identify any California law that excepted either of these types of assets from judgment enforcement. The court also ruled that under C.C.P. § 704.140 Albert-Sheridan bore the burden of proof to show that the exemption was necessary for her support or the support of her spouse or dependents. The court found that Albert-Sheridan had presented no evidence to meet this burden of proof.

Faced with the same exemption claims after Albert-Sheridan amended her exemptions, the bankruptcy court held that the amendments were precluded by its prior exemption orders. The bankruptcy court properly applied issue preclusion to resolve Golden's exemption objections concerning the accounts receivable and the FMCC causes of action. Accordingly, we AFFIRM.

**FACTS**

**A.      Albert-Sheridan's Litigation History And Her Causes Of Action Against FMCC.**

Albert-Sheridan's litigation history both inside and outside the bankruptcy court is lengthy and tortuous.[2] Albert-Sheridan's dispute with

[2] Much of the litigation history is detailed in two related decisions of this panel; *Albert-Sheridan v. Ford Motor Credit Co. LLC (In re Albert-Sheridan)*, BAP No.

(continued...)

FMCC has played a prominent role in the trajectory of her bankruptcy case. For purposes of this decision, however, we only need to summarily describe her claims against FMCC. Albert-Sheridan's claims arose out of what she characterizes as a failed retail installment sales transaction between her and Friendly Ford, a Nevada automobile dealer. Friendly Ford assigned the retail installment sales contract to FMCC.

According to Albert-Sheridan, Friendly Ford knew that she needed to register the vehicle in California though she purchased it from Friendly Ford in Nevada. She contends that even though she made over $20,000.00 in car payments neither Friendly Ford, nor FMCC, properly submitted the vehicle title documents to the California Department of Motor Vehicles necessary to register the vehicle in California. Albert-Sheridan maintains that FMCC failed to help her resolve the vehicle registration issues.

Albert-Sheridan also alleges that FMCC acted in concert with a group of individuals that were stalking and harassing her. She maintains that FMCC conspired with these individuals to violate her privacy rights as part of a wrongful repossession of the vehicle. She argues that FMCC's actions caused her to suffer severe emotional distress and potentially entitled her to millions of dollars in damages. In addition to stating a cause of action for

[2](...continued)
CC-19-1000-STaL (9th Cir. BAP Dec. 18, 2019), and *Albert-Sheridan v. State Bar of California (In re Albert-Sheridan)*, BAP No. CC-18-1222-LSF, 2019 WL 1594012 (9th Cir. BAP Apr. 11, 2019).

intentional infliction of emotional distress ("IIED"), she also asserted a cause of action under the Rees-Levering Automobile Sales Finance Act related to the sale of the vehicle.

## B. Albert-Sheridan's Bankruptcy And Her Original Exemption Claims.

Albert-Sheridan commenced her bankruptcy by filing a voluntary chapter 13 petition on February 20, 2018. In her original Schedule C, she asserted the following exemptions:

| Brief description of the property and line on ScheduleA/B that lists this property | Current value of the portion you own | Amount of the exemption you claim | Specific laws that allow exemption |
| --- | --- | --- | --- |
| Claims Against 3P<br><br>Line from Schedule A/B: 33[3] | $500,000 TBD | 100% of fair market value, up to any applicable statutory limit | CCP §§ 704.140, 704.210 |

---

[3] Line 33 of Albert-Sheridan's Schedule A/B listed a host of claims, including IIED, she asserted against unidentified third parties. Albert-Sheridan subsequently indicated that these claims included those she asserted in her state court action against FMCC.

| Other Contingency | $500,000 TBD | 100% of fair market value, up to any applicable statutory limit | CCP §§ 704.140, 704.210 |
|---|---|---|---|
| Line from Schedule A/B: 34[4] | | | |
| Accounts Receivable | $500,000 | 100% of fair market value, up to any applicable statutory limit | CCP § 704.210 |
| Line from Schedule A/B: 38[5] | | | |

Albert-Sheridan relied on two California statutes to support her exemption of the receivables and the litigation claims. C.C.P. § 704.140(b) provides an exemption for matters relating to personal injuries, and, with exceptions not applicable here, exempts "damages or a settlement arising out of personal injury . . . to the extent necessary for the support of the judgment debtor and the spouse and dependents of the judgment debtor." More generally, C.C.P. § 740.210 states; "Property that is not subject to enforcement of a money judgment is exempt without making a claim."

---

[4] Line 34 of Albert-Sheridan's Schedule A/B listed some of the same claims she already had listed in line 33. Unlike line 33, line 34 included "Rees Levering" and excluded "False light, extortion, public corruption, falsely impersonation, tort interference, Employee Espionage, [and] Unfair Debt Collection."

[5] Line 38 of Albert-Sheridan's Schedule A/B listed "fees and costs advanced due from clients/former clients."

## C.    The Exemption Objections.

In April 2018, both the chapter 13 trustee, Amrane Cohen, and FMCC objected to the exemptions of the litigation claims and the accounts receivable.[6] Cohen contended that C.C.P. § 704.210 was inapplicable to the assets Albert-Sheridan claimed as exempt. According to Cohen, C.C.P. § 704.210 required Albert-Sheridan to establish that the assets claimed as exempt were "not subject to enforcement of a money judgment." Cohen argued that Albert-Sheridan had failed to meet this requirement, so the subject assets did not qualify as exempt under the statute.

As for C.C.P. § 704.140, Cohen raised two issues: (1) the amount of any assets arising from the award or settlement of the "claims against 3p" or "other contingency" was unknown and unliquidated; and (2) the exemption required proof that such an award or settlement was necessary for her support (or that of any spouse or dependents).

FMCC filed a separate, more narrow objection to Albert-Sheridan's exemption claims. It objected only to the extent that she attempted to exempt either the accounts receivable or the causes of action against FMCC. FMCC reasoned that both the accounts receivable and the cause of action would be subject to money judgments under California law, so C.C.P.

---

[6] Cohen objected to additional exemptions claimed by Albert-Sheridan, but those other objections are beyond the scope of this appeal. Albert-Sheridan did not address these other objections in her appeal briefs.

§ 704.210 did not exempt either of these claims. With respect to exemption of the causes of action under C.C.P. § 704.140, FMCC's objection largely mirrored Cohen's noting that no damages or settlement had yet been obtained and that Albert-Sheridan had not established whether any amount would be necessary for her support. FMCC specifically argued that Albert-Sheridan bore the burden of proof on the necessity for support issue and failed to meet it.

Albert-Sheridan responded to both exemption claim objections. She insisted that the objecting parties bore the burden of proof to establish that she did not qualify for the claimed exemptions, citing *Carter v. Anderson* (*In re Carter)*, 182 F.3d 1027, 1029 (9th Cir. 1999). She additionally disputed that any of her exemptions were limited to the amount necessary for support. Rather, she contended: "Ms. Albert does not have to do an accounting as stated by Ford. Ford is speculating. Ms. Albert gets every last dime." Debtor's Response To Doc. No. 78 (Apr. 18, 2018) at 6.

Notably, Albert-Sheridan did not present any evidence regarding her finances. Nor did she request an evidentiary hearing on the support issue or request a continuance of the proceedings.

## D. The Bankruptcy Court's Rulings On The Original Exemption Claims.

The bankruptcy court issued separate written tentative rulings on Cohen's and FMCC's exemption objections. In each tentative ruling the

court explained in detail why it would sustain most of Cohen's and all of FMCC's objections.[7] After holding a hearing on the objections, the bankruptcy court entered orders adopting its tentative rulings as its final rulings.

### 1.      Ruling On FMCC's Exemption Objections.

As a preliminary matter, in its written ruling on FMCC's objections the bankruptcy court noted that California places the burden of proof to establish entitlement to California exemptions on the debtor. The court pointed out that the burden of proof is a substantive element of the exemption claim governed by state law. The court, therefore, held that Albert-Sheridan bore the burden of proof to establish her entitlement to exemptions under C.C.P. §§ 704.140 and 704.210. The court additionally held that Albert-Sheridan had not met her burden, so FMCC's objections had to be sustained.

More specifically, the bankruptcy court explained that, under C.C.P. § 704.210, property only is exempt to the extent it is not subject to the enforcement of a money judgment. According to the court, Albert-Sheridan failed to point to any California law that would except either her accounts

_____

[7] The order on FMCC's objections attached a copy of the court's written tentative ruling as Exhibit A. The order on Cohen's objections referenced the written tentative ruling and relied on its reasoning but did not attach a copy. We were able to obtain a copy of this ruling online from the bankruptcy court's website (available at http://ecf-ciao.cacb.uscourts.gov/Posted/ES_050318.pdf (last visited December 17, 2019)).

receivable or her action against FMCC from judgment enforcement apart from C.C.P. § 704.140.

As for C.C.P. § 704.140, the bankruptcy court identified three threshold problems. First, it was unclear which of Albert-Sheridan's causes of action were covered by the exemption of "Claims Against 3p" and which were covered by "Other Contingency." Second, it was unclear to what extent these two exemption categories overlapped. And third, both exemption claims seemed premature unless and until Albert-Sheridan obtained a settlement or an award on account of one or more of her causes of action.

Notwithstanding the exemption claims' threshold infirmities, the bankruptcy court proceeded to consider the merits of the objections. The court held that any exemption claim under C.C.P. § 704.140 had to be supported by proof that the amount exempted was necessary for the support of the judgment debtor or her spouse or dependents. According to the court, Albert-Sheridan failed to make any showing that any amount was necessary for support. For this reason, the court sustained FMCC's objection and denied Albert-Sheridan's exemption claims under C.C.P. § 704.140.

2.    **Ruling On Cohen's Exemption Objections.**

The court's written ruling on Cohen's objections was a bit more nuanced. Cohen's objections covered additional exemption claims. With

10

respect to the two exemptions for "Claims Against 3p" and "Other Contingency," Cohen's objections covered not only any exemption claimed in the causes of action against FMCC but also causes of action against any other third party. Because Albert-Sheridan's papers lacked specificity it was impossible to tell precisely what causes of action Albert-Sheridan meant to cover under her exemption claims. As a result, the court's ruling on Cohen's objections was less focused than its ruling on FMCC's objections. Addressing Cohen's objections, the court considered several different contingencies depending on the potentially varying nature of the causes of action covered and Albert-Sheridan's exemption arguments.

Regardless of the contingencies, the end result was substantially the same as the court's ruling on FMCC's objections. In relevant part, the court stated in its ruling on Cohen's objections:

> The objection is sustained because Debtor has not come forward with statutory authority that this property is not subject to enforcement of a money judgment, as contemplated by C.C.P. § 704.210.[8]
>
> *   *   *
>
> Debtor's opposition also fails to reach the merits of CCP §704.140(b) regarding what portion of the "tbd $500,000.00" or

---

[8] The court made the exact same statement with respect to all three contested exemption categories: "Claims Against 3P," "Other Contingency," and "Accounts Receivable." See Tentative/Final Ruling (May 3, 2018) at pp. 79-81.

"$500,000.00 TBD" is necessary for the support of the judgment debtor (and spouse or dependents).

* * *

Based on the foregoing, Debtor has not met her burden of showing that she is entitled to her claimed exemption under CCP § 704.210 as to all Subject Assets, and her claimed exemption under CCP § 704.140 as to the Claims Assets.

Tentative/Final Ruling (May 3, 2018) at pp. 79-81, 89-90 (available at http://ecf-ciao.cacb.uscourts.gov/Posted/ES_050318.pdf (last visited December 17, 2019)). The court identified the "Claims Assets" as those jointly or severally covered by the "Claims Against 3P" exemption claim and the "Other Contingency" exemption claim. *See id*. at 84.

The bankruptcy court entered its order sustaining FMCC's exemption claim objections on May 18, 2018. In turn, the bankruptcy court entered its order sustaining Cohen's exemption claim objections on June 1, 2018.[9]

E.   **The Case Is Converted to Chapter 7, And The Trustee Settles The Claims Against FMCC.**

On June 26, 2018, the bankruptcy court converted Albert-Sheridan's bankruptcy case from chapter 13 to chapter 7. Golden was appointed to

_____

[9] Albert-Sheridan filed an amended Schedule A/B on May 31, 2018, in which she valued her action against FMCC at "$500,000 tbd" and itemized it as one of her "Contingent or Unliquidated Claims Against Third Parties." *See* Attachment For Item 34, accompanying Albert-Sheridan's May 31, 2018 amended Schedule A/B.

12

serve as chapter 7 trustee. Golden administered the claims against FMCC and negotiated a settlement. At a hearing held on December 13, 2018, the bankruptcy court approved Golden's motion to compromise and sell the FMCC claims to FMCC in exchange for $167,000.00. Albert-Sheridan appealed the sale and compromise order, and we have affirmed that order.

**F.      Amended Exemptions And The Objection Thereto.**

Prior to the hearing on the FMCC settlement, on November 29, 2018, Albert-Sheridan filed an amended Schedule C. She once again exempted property listed as "Claims Against 3P," "Other Contingency," and "Accounts Receivable." There were only two differences in the way these assets were listed in her amended Schedule C: (1) for Claims Against 3P, Albert-Sheridan listed the amount of the exemption she claimed as $500,000.00 (the full stated value of the claimed asset); and (2) for Other Contingency, she listed the amount of the exemption she claimed as $1,930,000.00 (more than three times the full stated value of the claimed asset).

On December 21, 2018, Golden objected to Albert-Sheridan's amended exemption claims. Golden's objection focused exclusively on Albert-Sheridan's exemption claims for "Claims Against 3P," "Other Contingency," and "Accounts Receivable" under  C.C.P. §§ 704.140 and 704.210 (collectively, the "Contested Exemption Claims"). According to Golden, the Contested Exemption Claims stated in the amended Schedule C were identical to those exempted in Albert-Sheridan's original Schedule

13

C. Golden asserted that Albert-Sheridan was barred from relitigating the same exemption claims based on claim preclusion and issue preclusion. As Golden put it, both the claims raised and the issues to be decided were identical to the claims and issues the court disposed of in its 2018 exemption orders. The preclusive effect of the bankruptcy court's prior exemption rulings was the sole ground stated for Golden's objection.

## G.    Appeal From Orders On Original Exemption Claims.

Contemporaneously with Golden's objection to the amended exemptions, Albert-Sheridan decided to appeal the 2018 exemption orders. She filed her notice of appeal challenging the 2018 exemption orders on the same day Golden filed his objection – December 21, 2018. *See Albert-Sheridan v. Golden (In re Albert-Sheridan)*, BAP No. CC-19-1002, at Doc. Nos. 1, 3.[10]

This Panel questioned whether Albert-Sheridan timely appealed from the exemption objection orders. Albert-Sheridan's response was twofold: (1) she claimed the orders were not final; and (2) she claimed that comments the bankruptcy court made during the December 13, 2018

---

[10] Albert-Sheridan's December 21, 2018 notice of appeal referenced only the order sustaining Cohen's objections. But Albert-Sheridan's subsequent papers filed in that appeal indicated that she meant to appeal the order sustaining FMCC's objections as well. *See Albert-Sheridan v. Golden (In re Albert-Sheridan)*, BAP No. CC-19-1002, at Doc. Nos. 1, 3. For purposes of our analysis, we will interpret Albert-Sheridan's December 21, 2018 notice of appeal liberally to cover both orders. We note, however, that whether the notice of appeal included both 2018 exemption orders or just the order on Cohen's exemption objections does not alter our analysis.

hearing on the motion to approve the compromise with FMCC amended both orders.

On April 17, 2019, this Panel issued an order dismissing the exemption appeal as untimely. Though the Panel did not explain its reasoning, we specifically held that the order on Cohen's exemption claim objections was a final and appealable order. Albert-Sheridan did not appeal this Panel's dismissal of her appeal from the 2018 exemption orders.

## H. The Hearing On The Amended Exemptions And The Ruling On Golden's Objections.

Albert-Sheridan did not respond to Golden's objections until January 30, 2019 – the eve of the hearing on the objections. She alleged that she never received her service copy of Golden's objections to her exemptions. By her own admission, her last-minute response duplicated her prior papers filed in her first exemption appeal dismissed as untimely by this Panel and also duplicated other papers she filed in various bankruptcy proceedings. But she also included with her response a declaration in which she set forth for the first time some cursory statements about her financial condition. She apparently provided this financial information as a tardy attempt to address the necessity for support issue.

The remainder of Albert-Sheridan's response papers reiterated her arguments that the 2018 exemption orders were not final and that the court's comments during the hearing on motion to approve the settlement

15

amended those exemption orders. Her response otherwise failed to address Golden's preclusion arguments. She also requested an evidentiary hearing and a continuance of the objection hearing to provide her with additional time to submit a more complete response to the objections.

At the hearing on Golden's objections, the bankruptcy court mostly focused on Albert-Sheridan's late-filed response papers. The court said that, under the "mailbox rule," Golden's service of his objection on Albert-Sheridan was presumed valid. The court noted that Albert-Sheridan had not presented anything to rebut this presumption. The court held that, in the absence of any valid excuse for Albert-Sheridan's tardily-filed response papers, it would not consider them.

At the conclusion of the hearing, the bankruptcy court sustained Golden's objections in part and overruled them in part. The bankruptcy court sustained the objection as to Albert-Sheridan's amended exemption in the accounts receivable under C.C.P. § 704.210. The bankruptcy court also sustained the objection as to Albert-Sheridan's amended exemption in her causes of action against FMCC under C.C.P. § 704.140 and 704.210. But the bankruptcy court overruled the objection to the extent it was directed to Albert-Sheridan's amended exemptions in causes of action against third parties other than FMCC. According to the bankruptcy court, Golden had abandoned the estate's interest in these other causes of action, as reflected in an order entered on December 27, 2018.

On February 7, 2019, the bankruptcy court entered its order on Golden's objection. Albert-Sheridan timely appealed from this order.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (B). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court correctly apply issue preclusion to dispose of Golden's exemption objections concerning Albert-Sheridan's accounts receivable and the causes of action against FMCC?

## STANDARDS OF REVIEW

The preclusive effect of the bankruptcy court's prior ruling presents mixed questions of fact and law where the legal issues predominate. *Knupfer v. Wolfberg (In re Wolfberg)*, 255 B.R. 879, 881 (9th Cir. BAP 2000), *aff'd*, 37 F. App'x 891 (9th Cir. 2002). We review such determinations de novo. *Id.*

## DISCUSSION

**A.    Issue Preclusive Effect Of Prior Exemption Rulings.**

Albert-Sheridan raises a number of issues on appeal, but none of those issues are material if the bankruptcy court's 2018 denial of her exemptions in the accounts receivable and the FMCC causes of action precluded her amended exemption claims. Debtors are provided a liberal right to amend their exemptions and may amend their schedules at any

17

time before the case is closed. Rule 1009(a). Still, a debtor may not simply amend her exemption in order to evade an adverse ruling on a prior exemption claim.

Exemption orders are final orders for purposes of appeal. *See Phillips v. Gilman (In re Gilman)*, 887 F.3d 956, 961–62 (9th Cir. 2018). As such, principles of preclusion apply to prevent relitigation of the same exemption issues (issue preclusion) as well as those that could have been litigated as to the exemptions at issue (claim preclusion). *Cogliano v. Anderson, (In re Cogliano)*, 355 B.R. 792, 806 (9th Cir BAP 2006) (claim preclusion); *Magallanes v. Williams (In re Magallanes)*, 96 B.R. 253, 256 (9th Cir. BAP 1988) (same). Furthermore, this Panel has held that a debtor's right to amend schedules under Rule 1009(a) does not vitiate the preclusive effect of the bankruptcy court's prior final rulings. *In re Wolfberg*, 255 B.R. at 883 & n.6 (citing *Andermahr v. Barrus (In re Andermahr)*, 30 B.R. 532, 534 (9th Cir. BAP 1983)).

Issue preclusion refers to the preclusive effect of an order or judgment in "foreclosing relitigation of issues that have been actually and necessarily decided in earlier litigation." *Frankfort Digital Services, Ltd. v. Kistler (In re Reynoso)*, 477 F.3d 1117, 1122 (9th Cir. 2007) (quoting *Frank v. United Airlines, Inc.*, 216 F.3d 845, 850 n.4 (9th Cir. 2000)); *see also Robi v. Five Platters, Inc.*, 838 F.2d 318, 326 (9th Cir. 1988) (stating that issue preclusion applies to both issues of fact and law). Issue preclusion bars relitigation of

issues if three requirements are met:

> (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated;
>
> (2) the first proceeding ended with a final judgment on the merits; and
>
> (3) the party against whom [issue preclusion] is asserted was a party or in privity with a party at the first proceeding.

*In re Reynoso*, 477 F.3d at 1122 (quoting *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006)).

Albert-Sheridan does not dispute that the bankruptcy court's original orders on her same exemptions necessarily decided that: (1) she bore the burden of proof with respect to whether any of the allegedly exempt causes of action against FMCC were necessary for the support of the debtor, her spouse, or her dependents under § C.C.P. 704.140(b); (2) she failed to satisfy this burden of proof; and (3) she also failed to establish that her causes of action against FMCC and her accounts receivable were not subject to judgment enforcement under California law, so as to render C.C.P. § 704.210 applicable. These are the exact same issues raised by the objection to Albert-Sheridan's amended exemptions.[11] In fact, Golden

---

[11] The burden of proof issue was disposed of by the 2018 exemption orders, which Albert-Sheridan did not timely appeal. At oral argument, Albert-Sheridan again argued that federal law placed the burden of proof on the objecting party. Ordinarily, the party objecting to an exemption bears the burden of proof. *Diaz v. Kosmala (In re*

(continued...)

specifically incorporated the prior objections into his objection to the amended exemptions.[12]

Nor does Albert-Sheridan deny that she was party to all of the exemption objections. The party against whom issue preclusion is asserted is clearly the same party to the original decision.

Albert-Sheridan does dispute that the bankruptcy court's 2018 exemption rulings were final. According to her, the bankruptcy court

[11](...continued)
*Diaz)*, 547 B.R. 329, 336 (9th Cir. BAP 2016). But where the debtor asserts exemption claims based on state law, the burden of proof is a substantive part of the exemption claim, so "where a state law exemption statute specifically allocates the burden of proof to the debtor, Rule 4003(c) does not change that allocation." *Id*. at 337. Because California places the burden of proof for exemptions on the debtor, *see* C.C.P. §§ 703.580(b), 704.780(a), Albert-Sheridan had the burden of proving her compliance with C.C.P. §§ 704.140 and 704.210.

[12] For the first time in her reply brief on appeal, Albert-Sheridan attempted to argue that the bankruptcy court never determined whether either of the exemption statutes she invoked were applicable. This belated argument is at odds with the bankruptcy court's written rulings, as set forth above. Also for the first time in her reply brief, Albert-Sheridan argued that her causes of action, and hence her exemption claim, changed as a result of FMCC's postpetition conduct in relation to the settlement it reached with Golden providing for its payment of $167,000.00 in exchange for the dismissal with prejudice of the remaining causes of action against FMCC. But this argument is without merit. Exemption claims are fixed as of the petition date, so any postpetition conduct by FMCC could not as a matter of law or logic have altered Albert-Sheridan's exemption claim in the causes of action. *See generally Gaughan v. Smith (In re Smith)*, 342 B.R. 801, 806 (9th Cir. BAP 2006) (noting "general rule that exemption rights are determined as of the petition date"); *Cisneros v. Kim (In re Kim)*, 257 B.R. 680, 688 (9th Cir. BAP 2000), *aff'd*, 35 F. App'x 592 (9th Cir. 2002) (recognizing "long-standing bankruptcy principle that the property of the estate and exemptions are determined as of the petition date").

20

expressed an intention that the rulings would not be final. In support of this argument, she points to the following statement made during the course of the May 3, 2018 hearing on Cohen's exemption objections:

> THE COURT: And this really isn't about disclosure as an asset, this has to do with the exemption and the fact that under California law there is a restriction when it comes to personal injury that it is necessity for support.
>
> And so that, as you say, can't really be proven at this point, so I am going to sustain the objection. Obviously it's without prejudice. If you're able to liquidate this and you get the 500,000, you want to claim that the entire amount is exempt, and you file an amended exemption at that point, we'll deal with any objections that follow.

Hr'g Tr. (May 3, 2018) at 32:14-23.

There are several problems with Albert-Sheridan's reliance on this statement. First, it is unclear what the court meant by its reference to "without prejudice"; whether the debtor simply retained its right to amend her exemptions under Rule 1009(a) subject to all objections including preclusion, or if it meant that its decision would not be final. The court's discussion concerning the failure to prove a necessity for support under California law immediately prior to the reference suggests that the bankruptcy court was referring simply to the debtor's right to amend in general rather than finality. More importantly, the bankruptcy court did not make a similar "without prejudice" comment during the hearing on

21

FMCC's exemption objections. Nor was such a limitation expressed in either of the tentative rulings.

Even if we were to read the bankruptcy court's "without prejudice" comments at the May 3, 2018 hearing favorably to Albert-Sheridan, they would conflict with the written rulings, which specifically denied the exemptions for failure to provide any evidence that the proceeds of the FMCC claims were necessary for support or that the exemptions were exempt from judgment. When there is a conflict between the court's oral ruling and its written order, the formal written order controls. *See Cashco Fin. Servs., Inc. v. McGee (In re McGee)*, 359 B.R. 764, 774 n.9 (9th Cir. BAP 2006). The written orders fail to suggest in any way that they were not final.

The court's intention as to finality was also confirmed at the December 13, 2018 hearing on Golden's compromise with FMCC.  The bankruptcy court remarked that Albert-Sheridan had filed amended exemptions that duplicated the exemptions the court previously had denied. During oral argument, Albert-Sheridan referenced the court's "without prejudice" comment from the May 3, 2018 hearing. Nonetheless, the court noted that its 2018 rulings presumably were entitled to preclusive effect.[13] In other words, contrary to Albert-Sheridan's interpretation, the

---

[13] In response to a question from Golden regarding how to proceed with the

(continued...)

22

bankruptcy court indicated that the 2018 exemption orders were final orders. Indeed, Albert-Sheridan proceeded to file her appeal of the 2018 exemption orders shortly thereafter.

The court's December 13, 2018 interpretation is consistent with other comments the court made during the course of the May 3, 2018 hearing. The court noted at the hearing that because there is no deadline for debtors to amend their schedules, an order sustaining an exemption objection always technically is without prejudice to amendment of the exemption claim. This certainly applies to the ultimate determination of the amounts of any recovery. But as the court found, Albert-Sheridan had completely failed to address the issue of support or to identify any other basis for exemption of the accounts receivable and the FMCC claims.

Our conclusion that the 2018 exemption orders were final when

---

[13](...continued)
objection to the amended exemption, the court stated:

> On that, I would say -- because I thought about that, and, you know, exemption is filed, and then there's a hearing on an objection to claim -- to the claim of exemption, and there's a ruling and there's an order, and the same exemption is filed again. I think by definition you're going to have issues with *res adjudicata* [sic], because this was brought up before. Now, I don't know how else to treat my order, I mean, because I can't ignore the fact that the order was entered, and that I went through, you know, a whole analysis there, and that basically it's the same exemption that was filed again, so, I mean, I would say the May 18th order would have to apply to the amended exemption. That said, I leave up to you as to whether or not you want to rest on [preclusion doctrine].

entered is further compelled by this Panel's dismissal of Albert-Sheridan's appeal of those exemption orders. *See In re Albert-Sheridan*, BAP No. CC-19-1002 (Apr. 17, 2019). In the process of dismissing that appeal as untimely, this Panel held that the 2018 exemption orders were final orders for appeal purposes. Albert-Sheridan did not appeal our dismissal order to the Ninth Circuit, and our ruling is now final and non-appealable. Consequently, Albert-Sheridan's current finality challenge is an impermissible collateral attack on this Panel's prior ruling. *See Alakozai v. Citizens Equity First Credit Union (In re Alakozai)*, 499 B.R. 698, 704 (9th Cir. BAP 2013); *Woods & Erickson, LLP v. Leonard (In re AVI, Inc.)*, 389 B.R. 721, 731 (9th Cir. BAP 2008); *see also Valley Nat'l Bank of Ariz. v. Needler (In re Grantham Bros.)*, 922 F.2d 1438, 1442 (9th Cir. 1991) (rejecting as frivolous appellant's attempted collateral attack on bankruptcy court's final, non-appealable sale order).

Alternately, Albert-Sheridan argued that the bankruptcy court's commentary at the December 13, 2018 hearing about the potential preclusive effect of its 2018 exemption orders amounted to an amendment of those orders. This argument lacks merit. First, though the court and parties discussed the exemptions, no exemption matter was before the court at that time. Indeed, the court told Golden that it was up to him how he wanted to proceed with his objection to the amended exemption. Second, there is absolutely nothing in the text of the formal written orders

24

suggesting that the court meant for them to be non-final orders. Accordingly, the bankruptcy court could not have amended the orders simply by expressing the opinion that they were final orders for preclusion purposes in a hearing on a different motion.

In sum, Albert-Sheridan has not demonstrated any error in the bankruptcy court's application of issue preclusion to the 2018 exemption orders. Therefore, we AFFIRM the bankruptcy court's order on Golden's exemption objections on that basis.[14]

## B.    Albert-Sheridan's Other Arguments On Appeal.

Albert-Sheridan asserts that the court improperly denied her request for an evidentiary hearing. Generally speaking, evidentiary hearings are necessary in bankruptcy court contested matters if the matter cannot be

---

[14] Though we dispose of this appeal on issue preclusion grounds, claim preclusion also applies. Under the federal common law, the elements for claim preclusion are: "(1) a final judgment on the merits; (2) the judgment was rendered by a court of competent jurisdiction; (3) a second action involving the same parties [or their privies]; and (4) the same cause of action involved in both cases." *In re Wolfberg*, 255 B.R. at 881–82. There is no challenge to the bankruptcy court's jurisdiction to decide the 2018 objections to exemptions. Albert-Sheridan's "amended" exemption claims in the accounts receivable and the FMCC causes of action cover the exact same property and rely on the exact same statutory basis as the original exemption claims. Thus, the claims are identical. Nor is there any genuine dispute that Albert-Sheridan is the same party and that Cohen, Golden and FMCC shared a sufficient identity of interest with respect to Albert-Sheridan's exemption claims to qualify as parties in privity. As for the requirement of a final judgment on the merits, for the same reasons we found the bankruptcy court's 2018 exemption orders final for issue preclusion purposes, we also find them final for claim preclusion purposes. *See generally In re Magallanes*, 96 B.R. at 256 (applying claim preclusion to previously-litigated exemption claims).

resolved without deciding disputed material factual issues. *Caviata Attached Homes, LLC v. U.S. Bank, N.A. (In re Caviata Attached Homes, LLC)*, 481 B.R. 34, 44 (9th Cir. BAP 2012) (citing Rule 9014(d) and accompanying Advisory Committee Notes). However, when the controlling facts are undisputed, the bankruptcy court may dispense with the evidentiary hearing requirement and may resolve the matter "'on the pleadings and arguments of the parties, drawing necessary inferences from the record.'" *In re Caviata Attached Homes, LLC*, 481 B.R. at 45-46 (quoting *Tyner v. Nicholson (In re Nicholson)*, 435 B.R. 622, 636 (9th Cir. BAP 2010)).

Here, the bankruptcy court relied on preclusion to dispose of Golden's exemption objections. Albert-Sheridan has not identified any disputed material factual issue the bankruptcy court needed to resolve in order to apply preclusion doctrine to the 2018 exemption orders. To the contrary, in applying issue preclusion the bankruptcy court relied on the procedural history in the record concerning Albert-Sheridan's original exemption claims, the objections thereto, and the 2018 exemption orders. Accordingly, the absence of an evidentiary hearing on Golden's exemption objections does not support reversal in this appeal.

Finally, Albert-Sheridan contends that she was denied due process and that the court should have considered her late-filed response to Golden's exemption objections. However, her due process argument mostly concerns her grievance that she was deprived of the opportunity to

26

prove the merits of her causes of action against FMCC and has absolutely nothing to do with the preclusion grounds the bankruptcy court relied on in deciding Golden's exemption objections.

An appellant cannot prevail on a due process claim in the absence of prejudice. *See Rosson v. Fitzgerald (In re Rosson)*, 545 F.3d 764, 776 (9th Cir. 2008) (rejecting debtor's due process claim because he could "show no prejudice arising from the defective process afforded him");  *City Equities Anaheim, Ltd. v. Lincoln Plaza Dev. Co. (In re City Equities Anaheim, Ltd.)*, 22 F.3d 954, 959 (9th Cir. 1994) (also rejecting due process claim for lack of prejudice). Similarly, an alleged procedural error does not support reversal on appeal in the absence of harm. *Litton Loan Serv'g, LP v. Garvida (In re Garvida)*, 347 B.R. 697, 704 (9th Cir. BAP 2006) (citing 28 U.S.C. § 2111 and Rule 9005). We have reviewed Albert-Sheridan's late-filed response. Virtually nothing in the response touches on the controlling preclusion issues. As a result, the bankruptcy court's refusal to consider the response did not harm Albert-Sheridan and cannot justify reversal of the order on appeal.[15]

---

[15] Albert-Sheridan has not challenged the bankruptcy court's application of the mailbox rule or its finding that she did not overcome the presumption that Golden duly served her with his exemption objections. Consequently, we decline to address these issues. *See generally Faden v. Segal (In re Segal)*, BAP No. CC–14–1224–KuPaTa, 2015 WL 400643, at *7 (9th Cir. BAP Jan. 29, 2015) (describing application of mailbox rule).

## CONCLUSION

For the reasons set forth above, we AFFIRM the bankruptcy court's order sustaining Golden's exemption objections concerning Albert-Sheridan's accounts receivable and her causes of action against FMCC.