**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: CARLO BONDANELLI, <br><br> Debtor, <br> ─────────────────────── <br><br> PETER J. MASTAN, Chapter 7 Trustee of the Bankruptcy Estate of Carlo Bondanelli, <br><br> Appellant, <br><br> v. <br><br> FRANCESCO TIENI; OCEAN PARK SRL, <br><br> Appellees. | No.   19-55490 <br><br> D.C. No. 2:17-cv-06681-FMO <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Submitted May 6, 2020[**]
Pasadena, California

───────────────

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:  GOULD and CHRISTEN, Circuit Judges, and STEIN,***[1] District Judge.

Peter J. Mastan, the trustee of Carlo Bondanelli's Chapter 7 bankruptcy estate, appeals the district court's order reversing the bankruptcy court and remanding to dismiss his complaint for claim preclusion.  We have jurisdiction under 28 U.S.C. § 158(d).  Reviewing claim preclusion *de novo*, *Robi v. Five Platters, Inc.*, 838 F.2d 318, 321 (9th Cir. 1988), and the bankruptcy court's decision *de novo*, *Rains v. Flinn* (In re *Rains*), 428 F.3d 893, 900 (9th Cir. 2005), we affirm.

Bondanelli and Francesco Tieni had a real estate venture.  They purchased two real estate properties via New West TC, LLC (New West).  Relations soured and Bondanelli sued Tieni, and they settled.  According to the Settlement Agreement (the Agreement), Bondanelli would sell the properties, Tieni would "cooperate reasonably to effectuate [the sale], including [the] transfer/sale/dissolution of New West," and Bondanelli would pay Tieni $800,000.  When Bondanelli signed this Agreement, he had already sold the properties.

Bondanelli did not pay as promised.  Tieni sought a judgment enforcing the Agreement, and the district court entered the requested judgment.  Bondanelli

---

*** The Honorable Sidney H. Stein, United States District Judge for the Southern District of New York, sitting by designation.

[1] Judge Christen concurs in part and in the judgment, concurring only in Part II.

2

thereafter filed for Chapter 7 bankruptcy protection and Mastan was appointed as trustee. Mastan brought an adversary proceeding against Tieni, seeking a declaration that Bondanelli's estate owned New West by virtue of the Agreement. After a bench trial, the bankruptcy court so held. On appeal, the district court reversed, holding the claim precluded.

## I

We affirm the district court's claim preclusion holding.

We apply California claim preclusion law. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 507–08 (2001). "Claim preclusion arises if a second suit involves: (1) the same cause of action (2) between the same parties [or their privies] (3) after a final judgment on the merits in the first suit." *DKN Holdings LLC v. Faerber*, 352 P.3d 378, 386 (Cal. 2015). The first two prongs are at issue.

First, Mastan's claim that the Agreement mandated a transfer of New West is the same cause of action as Bondanelli's defense asserted by counterclaim against the entry of judgment enforcing the Agreement. Bondanelli had expressly made the same claim before the district court, and breach of contract claims within the scope of the litigation may not be relitigated. *See Tanasescu v. Kroger Co.*, No. G056119, 2019 WL 3335179, at *5 (Cal. Ct. App. July 25, 2019); *Reile v. Live Stores, Inc.*, No. D066758, 2015 WL 6438352, at *6 (Cal. Ct. App. Oct. 23, 2015); 18 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4408

3

(3d ed. 2020) ("Contract cases often can be resolved by a simple rule that the first suit must claim every breach that has then occurred.").

Second, Mastan and Bondanelli are privies. The "general rule" is "that a judgment rendered against a bankrupt prior to his bankruptcy is conclusive upon the trustee." *Teltronics Servs., Inc. v. L M Ericsson Telecomms., Inc.*, 642 F.2d 31, 37 (2d Cir. 1981); *see also* 18A Wright & Miller, *supra*, § 4462 ("A trustee in bankruptcy, for example, is often bound by judgments against the debtor . . . .").[2]

In California, privity is determined by the virtual representative test. *DKN Holdings*, 352 P.3d at 388. "'The emphasis is not on a concept of identity of parties, but on the practical situation' . . . 'deal[ing] with the a person's relationship *to the subject matter of the litigation*.'" *Castillo v. Glenair, Inc.*, 232 Cal. Rptr. 3d 844, 856 (Ct. App. 2018) (first quoting *Alvarez v. May Dep't Stores Co.*, 49 Cal. Rptr. 3d 892, 900 (Ct. App. 2006); then quoting *Cal Sierra Dev., Inc. v. George Reed, Inc.*, 223 Cal. Rptr. 3d 506, 516 (Ct. App. 2017)), *as modified on denial of reh'g* (May 14, 2018).

---

[2] "The trustee could also be viewed as the successor to the interests of the debtors in possession . . . . Successors in interest are bound by judgments just as are their predecessors in interest." *Knupfer v. Wolfberg* (In re *Wolfberg*), 255 B.R. 879, 882 n.4 (B.A.P. 9th Cir. 2000), *aff'd*, 37 F. App'x 891 (9th Cir. 2002).

Here, both the general rule and the virtual representative test lead to the same result, adverse to Bondanelli and his estate. Mastan's interest is sufficiently aligned with Bondanelli's in the earlier litigation such that Mastan would reasonably expect to be bound by the earlier judgment. *See DKN Holdings*, 352 P.3d at 378–88; *see also Gottlieb v. Kest*, 46 Cal. Rptr. 3d 7, 35 (Ct. App. 2006). Practically speaking, a contrary result would yield Bondanelli's interest two bites of the apple.

## II

Alternatively, we reverse the bankruptcy court because the Agreement's terms were clear, and its plain meaning defeated the trustee's claim that the Agreement transferred Tieni's interest in New West to Bondanelli. The bankruptcy court considered extrinsic evidence in a three-day trial to interpret the parties' intended resolution of their dispute. Whether or not the parties intended that ownership of New West would ultimately be transferred, the Agreement was unambiguous: Tieni's cooperation was necessary to effect a future sale of the property. The Agreement itself clearly did not transfer Tieni's interest in New West. Because the bankruptcy court held otherwise, it erred.

**AFFIRMED.**

5